## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHET CLINE,**
**Claimant Below, Petitioner**

**vs.)   No. 17-1119**  (BOR Appeal No. 2052123)
              (Claim No. 2016015651)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent,**

**and**

**KC TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chet Cline, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, in its capacity as administrator of the Uninsured Fund, by Jacqueline A. Hallinan, its attorney, filed a timely response.[1]

The issue on appeal is the compensability of Mr. Cline's application for worker's compensation benefits. On March 3, 2016, the claims administrator rejected the claim. On July 7, 2017, the Office of Judges reversed the claims administrator and held the claim compensable for a right shoulder sprain/strain. The Order was reversed by the Board of Review on November 28, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] No response was filed on behalf of KC Transport, Inc.

1

Mr. Cline, a truck driver, alleged that he injured his shoulders, neck and lower back when he lost his balance and had to "do a jig" to keep from falling after spraying his truck bed off with a hose on August 22, 2015. He was terminated from his employment on August 31, 2015, because a spring on his truck broke. Mr. Cline did not report his injury to his employer until more than two months later, on October 7, 2015, after being treated in the emergency room at Logan Regional Hospital.

On October 7, 2015, Mr. Cline sought treatment for complaints of right shoulder pain, neck and lower back pain, and numbness in both hands due to a fall at work on August 22, 2015. Mr. Cline provided a history of the pain starting the day before on October 6, 2015. A right shoulder x-ray showed some acromioclavicular joint osteoarthritis and cystic changes at the humeral head suggestive of degenerative changes. John Morgan, M.D., diagnosed shoulder sprain, joint pain of the shoulder, cervical disc degeneration, and lumbosacral joint degeneration. Mr. Cline was given a Medrol dose pack, Norco, and Robaxin and told to follow up with his family physician. Mr. Cline completed his section of the employee's and physician's report of injury the same day. The physician's section was completed on October 15, 2015. It indicates that Mr. Cline was diagnosed with a shoulder sprain, joint pain of the shoulder, cervical disc degeneration, and lumbosacral disc degeneration. Dr. Morgan checked the box indicating this was due to an occupational injury.

On October 20, 2015, Mr. Cline wrote a letter to the claims administrator stating that he was injured when he stepped out of his truck to spray his truck bed. He started to fall because of uneven pavement. He moved around to keep from falling. He must have injured his neck, back and shoulders because his fingers have been numb since then and his neck, back and legs have hurt. The claims administrator rejected the claim on March 3, 2016, because Mr. Cline did not have a work-related injury.

Mr. Cline testified via deposition on June 10, 2016, that he worked as a truck driver hauling coal from the mine to a load out. He said he was injured on August 22, 2015, when he stepped out his truck to rinse it off. The ground was uneven because it was a mix of asphalt and dirt which made him lose his balance and start to fall. He thought he was going to fall into fifty gallon drums that were behind him so he started to maneuver around to keep from falling. Mr. Cline said he weighed 300 pounds so he had to do some heavy twisting and turning to keep from falling. This was on a Saturday night. The guard shack employee did not see the incident and was unable to advise him about filing an accident report, even though Mr. Cline asked him about it. Mr. Cline went home thinking his pain would resolve. He returned to work the next week and worked until Friday, when he was fired after a front spring on his coal truck broke. Mr. Cline did not seek medical treatment until October 7, 2015, because he did not know he had the right to go to the doctor until a lady at church told him he was allowed to go. After seeking medical treatment, he completed an injury report and gave it to a man at the guard shack. Mr. Cline said he injured his shoulder, neck and lower back. He continued to have tingling in his hands as well as lower back and neck pain. Mr. Cline acknowledged that he did not submit a worker's compensation claim until he found out he was unable to sue for wrongful termination. He had

filed a worker's compensation claim in the past. Mr. Cline confirmed he never fell down on August 22, 2015.

On July 7, 2017, the Office of Judges reversed the claims administrator's March 3, 2016, decision and held the claim compensable for a right shoulder sprain/strain. The Office of Judges determined that Mr. Cline had shown by a preponderance of the evidence that he sustained an occupational injury on August 22, 2015. It found that the evidentiary record supported the existence of an isolated, fortuitous event. The Office of Judges relied on Mr. Cline's written statement, his deposition testimony, and the emergency room records in making its determination. It found that Mr. Cline consistently described his injury and the medical evidence establishing an injury was uncontroverted.

The Board of Review disagreed, reversed the Order of the Office of Judges on November 28, 2017, and reinstated the claims administrator's rejection of the claim. The Board of Review found the Office of Judges analysis and conclusions were clearly wrong based on the record as a whole. The Board of Review found that Mr. Cline had been terminated from his employment prior to filing a first report of injury. Mr. Cline advised the staff at the emergency room that the pain in his shoulder started the previous day, which was October 6, 2015. Additionally, Mr. Cline failed to report the injury the day it happened, during the next week when he worked, or when he was told he was being let go.

After review, we agree with the reasoning and conclusions of the Board of Review. Mr. Cline failed to timely report his injury. His testimony was that he was worried about getting fired for filing the report; however, he failed to report the injury for an additional two months after he was let go. Additionally, Mr. Cline told Dr. Morgan that he fell down on August 22, 2015. That contradicts all of his other statements regarding the injury. Dr. Morgan's opinion that Mr. Cline had a work injury that resulted in a sprain/strain of his right shoulder was based on an incorrect history. As such, the Office of Judges erred when it relied on Dr. Morgan's opinion to find the claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4